IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT, On behalf of minor children;<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA CPS, and TAYLOR MCHUGH,<br><br>Defendants. | 8:23CV233<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Charles Swift's Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis, Filing No. 2. Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Nebraska CPS and Taylor McHugh ("McHugh") seeking to recover $500,000,000 in damages "for kidnap detainment of our minor children . . . and pray an injunction habeas [sic] returning children to Plaintiff, [who were taken] last week on or about May 23, 2023." Filing No. 1 at 1. Plaintiff attached the following documents to his Complaint:

- A juvenile summons issued by the Juvenile Court of Douglas County, Nebraska (hereinafter "juvenile court") commanding Plaintiff to appear in the juvenile court on June 7, 2023, Id. at 2;

- A supplemental petition filed on May 26, 2023 in the juvenile court alleging that two of Plaintiff's minor children are within Neb. Rev. Stat. § 43-247(3)(a)[1] and lack proper parental care by reason of the fault or habits of Plaintiff, Filing No. 1 at 3–6;

- An ex parte motion for immediate custody and pickup of Plaintiff's two minor children filed on May 26, 2023 in the juvenile court with an attached affidavit for removal authored by Defendant McHugh who is identified as a Child and Family Services Specialist for the Department of Health and Human Services ("DHHS"), Id. at 7–9; and

- A signed order setting a June 7, 2023 hearing date in the juvenile court, Id. at 10.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d

---

[1] Section 43-247(3)(a) provides, in relevant part: "The juvenile court in each county shall have jurisdiction of: . . . (3) Any juvenile (a) . . . who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian . . . ." Neb. Rev. Stat. § 43-247(3)(a).

2

968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint must be dismissed for failure to state a claim for relief under § 1983 and because the Court must abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief.

3

**A. Claims on Behalf of Minor Children**

As an initial matter, Plaintiff purports to bring claims on behalf of his minor children as indicated by the caption of his Complaint. See Filing No. 1 at 1. However, Plaintiff may not litigate claims on behalf of his minor children. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Federal courts allow an individual to proceed pro se under § 1654, but a nonlawyer cannot represent others. See, e.g., Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others") (citations omitted); Georgakis v. Illinois State University, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself." (referencing 28 U.S.C. § 1654)).

**B. Sovereign Immunity**

Plaintiff names Nebraska CPS and McHugh as Defendants in this case. Based on the Complaint's allegations and the attached documents, the Court assumes Nebraska CPS refers to Nebraska Child Protective Services or, more specifically, the DHHS. McHugh is an employee of the DHHS, and Plaintiff did not specify the capacity in which McHugh is sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the Court "assume[s] that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). In addition,

the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Thus, Plaintiff has failed to state a claim for relief against Nebraska CPS, and the Eleventh Amendment bars Plaintiff's claim for damages against McHugh in her official capacity.

However, "[s]tate officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Plaintiff seeks prospective relief in the form of an injunction returning his children to his custody. However, as explained below, the Court cannot grant Plaintiff such relief.

**C. *Younger* Abstention**

The Court must abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief related to the removal and custody of his children based on *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief

5

would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings are ongoing as the issue of the removal and custody of Plaintiff's children is set for hearing on June 7, 2023. Second, "there is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the doctrine." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citing *Moore v. Sims*, 442 U.S. 415, 423–24 (1979) (holding that district court should have abstained where there were ongoing state-court proceedings regarding welfare of abused children)); *see also Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 523–24 (D. Neb. 2007) ("The state has a compelling interest in quickly and effectively removing the victims of child abuse and neglect from their parents and placing them in safe and suitable homes. State conduct performed and proceedings instituted to protect children from abuse implicate sufficiently important state interests to justify *Younger* abstention."). Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any constitutional claim he may have. Accordingly, the Court finds abstention appropriate and, therefore, will dismiss the Complaint without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 2nd day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge